Murray, J.
This is a motion to consolidate these three actions between these parties, under section 36, title 6, chapter 6, part 3 of the Revised Statutes (2 Rev. Stat., 383), which provides that whenever several suits shall be pending in the same court by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, if it shall appear expedient, order the several suits to be consolidated into one action.
These actions are pending in the same court, and by the same plaintiff against the same defendant, and for causes of action which might be joined. There is no *190 defense to either of said actions, except that the amount claimed in each complaint is too great. The moving papers bring the case within the statute, and the rule in regard thereto, in consolidating actions.
But it appears "by the opposing affidavits and papers that the collection of the note of one hundred dollars, which is described in the complaint in one of tire actions, was, on November 18, 1869, guaranteed by F. II. Bissell. And the collection of another note of one hundred dollars, described in the complaint in one of these actions, was, on October 20, 1869, guaranteed by Deloss Potter. The third note was not guaranteed in any way.
It is insisted on the part of the plaintiff that the consolidation of all these actions into one, and the compelling one judgment, and an execution to be issued for collection of all these different causes of action, would hazard the plaintiff’s right of recovery against the several guarantors, in case he was compelled to have recourse to them. The plaintiff is required to exhaust the usual legal remedies in attempting to collect the debt of the maker as a condition precedent to his right to collect of the guarantor. Should these actions bg consolidated, two questions might arise in case the plaintiff was unable to collect the whole of these three notes of the defendant.
First. Does the contract of guaranty contemplate the adoption of the usual modes to collect that debt alone, and will it allow that debt to be thrown in with others, and the aggregate amount thereby increased, and, in casé the "defendant is of doubtful responsibility, the hazard of collection thereby increased 2
Second. In case the execution is returned unsatisfied as to part, how would the deficiency be distributed between these three notes 2 Would one guarantor be compelled to pay the whole 2 or would the loss be divided between the two guarantors 2 or would the plaintiff *191 have to lose a part on-the third note that was not guaranteed ?
These, questions I do not deem it my duty now to decide. I merely suggest them, to show the embarrassments that might arise on the part of the plaintiff in case a consolidation was ordered.
In the "exercise of the discretion given me by the said statute, I deem it my duty to deny this motion, but without costs to either party.